**Robert WEEMS, Plaintiff,**

v.

**INA CORPORATION, Defendant.**

**No. C–C–82–750–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 23, 1986.

**3.** *Costley,* 181 F.2d at 725.

Mark A. Michael, Badger, Johnson, Chapman & Michael, Charlotte, N.C., for plaintiff.

Philip M. Van Hoy, Mullins & Van Hoy, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon pretrial Motions of Plaintiff, filed April 1, 1986, and Motion of Defendant, filed June 2, 1986, for relief from judgment.

This is an age discrimination case remanded to this Court by the Fourth Circuit Court of Appeals for trial on the question of whether the Defendant's violation of the Age Discrimination in Employment Act ("ADEA") was willful. Due to the United States Supreme Court's decision in *Transworld Airways, Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985), the Fourth Circuit determined that the jury instructions given at trial on the willfulness issue were inadequate.

The jury awarded Plaintiff $35,389.45 at trial. This figure was doubled under the liquidated damages provision of ADEA for willful violations. Since the Fourth Circuit has remanded the case on the issue of willfulness, the doubled damages award is no longer valid.

Plaintiff requests that the Court order Defendant to pay him $35,389.45 plus interests of 11.98% from September 26, 1984, representing the amount of damages awarded at trial and, according to Plaintiff, not in controversy. The Plaintiff also requests that the Court order Defendant to pay Plaintiff's attorney's fees of $25,000 as awarded at trial and that the Court set for hearing the issue of necessary adjustments to Plaintiff's salary and pension because of underpayment by Defendant since Plaintiff's reinstatement, and that the Court set for trial the issue of whether Defendant's actions were willful.

## DAMAGES AWARD

The Plaintiff first contends that the Court should order Defendant to pay him $35,389.45 plus interest, representing the jury award of damages which was not upset by the Fourth Circuit. Defendant has made this issue the subject of its Motion for relief from judgment pursuant to Fed. R.Civ.P. 60(b)(6). The Defendant argues that the jury based its award solely on Plaintiff's exhibit 38 which assumes that Plaintiff was discharged and was therefore entitled to damages for discriminatory discharge. However, this Court treated this case as one for discriminatory job assignment, or failure to promote, and the Fourth Circuit affirmed such treatment. Since discharge was not an issue in the case, argues the Defendant, Plaintiff's calculations of exhibit 38 are grounded on a false assumption. Consequently, the basic measure of proper damages is an issue which warrants resolution through pretrial pleadings and, if necessary, an evidentiary hearing. Also, Defendant contends that this issue should be resolved before the case is calendared for retrial.

In Defendant's Motion for relief from judgment, Defendant addresses this issue with the contention that since discriminatory failure to promote is the only substantive question, the maximum measure of damages is the difference between Plaintiff's pay before he retired and the pay of a person who was promoted to the position of claims manager, as Plaintiff should have been. Defendant contends that to permit

damages in any greater amount than what Plaintiff would have been paid but for the Defendant's failure to promote, would provide him with a windfall contrary to the policy of employment discrimination law that a successful claimant should be made whole by being placed in the economic position that he would have been in but for the unlawful discrimination. *Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir.1985); *Fink v. Western Electric Co.*, 708 F.2d 909 (4th Cir.1983). Consequently, the Defendant argues that this Court's judgment over the unauthorized damages award should be altered under Rule 60. *Compton v. Alton Steamship Co.*, 608 F.2d 96 (4th Cir.1979).

The Defendant's contentions are without merit.

The Court of Appeals affirmed the district court's denial of INA's Motion for judgment notwithstanding the verdict and its Order requiring reinstatement, and remanded the case for a new trial on the issue of damages under a proper willfulness instruction. The Court further pointed out in Footnote 1 that the damages of $35,389.45 were calculated by determining the salary which Weems would have received if he had remained with INA and subtracting from that salary the amount which he received while on furlough and the pension benefits which he received after he retired. The Court of Appeals did not find any error in this method of determining the Plaintiff's damages. In fact the Court of Appeals approved of the Court's submission of the issue to the jury as one of mitigation of damages:

Thus, whether Weems was discharged or chose to leave is irrelevant to the issue of whether INA is guilty of age discrimination. Whether Weems should have accepted INA's offer of continued employment is, however, extremely relevant to the issue of damages. If Weems were required by law to continue in INA's employ in order to mitigate his damages, then his decision to leave would deprive him of any award of back pay. The facts in this case clearly justified submitting the issue to the jury as one of mitigation

of damages. We conclude, therefore, that the district court gave appropriate instructions and properly submitted the case to the jury.

Slip. Op. pp. 5 and 6.

The only issue on which the Court of Appeals reversed and remanded the case was whether the District Court properly instructed the jury on the issue of willfulness as determined in *Transworld Airways, Inc. v. Thurston*, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985) which was decided during the pendency of this appeal.

In summary, as stated by the Court of Appeals the case was remanded for a new trial on the issue of liquidated damages under a willfulness instruction in conformity with the Supreme Court's recent decision in *Transworld Airways, Inc. v. Thurston*, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985).

■ The Defendant is now contending that because certain calculations furnished by Plaintiff to support a claim of underpayment since his reemployment by Defendant have led Defendant's counsel to conclude that Plaintiff is now disavowing his trial Exhibit 38, that this Court should adjudicate the damage issue before retrial of the willfulness issue.

The Court disagrees. The damages were properly determined by the jury under appropriate instructions based on Plaintiff's Exhibit 38 at trial which properly credited the Defendant with all mitigating damages to which it was entitled. Simply because Plaintiff's counsel has concluded that Plaintiff is now disavowing his Exhibit 38 does not justify relitigating the damage issue which has already been decided.

The Court will not stay any longer its Order to pay the $35,389.45 damages to the Plaintiff as determined by the jury.

■ As to the attorney's fees, the Court concluded that the hours expended by Plaintiff's attorney and the rate per hour were most reasonable and awarded a fee of $25,000 as attorney's fees and can see no justification for reducing that amount because the Court of Appeals has determined

that the issue of willfulness should be determined by another trial under instructions approved in *Transworld Airways, supra.* The fee has been earned and should be paid.

## ADDITIONAL DAMAGES

Plaintiff requests that the Court set for hearing the issue of necessary adjustments to his salary and pension because of his underpayment by Defendant since his reinstatement. The Plaintiff states that he has calculated that his earnings from October 1, 1984 to June 1, 1986 are $23,646.69 less than they should be, with pension rights wrongfully lessened thereby. Such calculations were made pursuant to this Court's Order of January 16, 1985 directing the parties to file proposals regarding pension and benefits, to which both parties responded on February 5, 1985; however, the matter has not been resolved.

NOW, THEREFORE, IT IS ORDERED that:

(1) The Defendant pay to the Plaintiff the sum of $35,389.45 plus interest at the rate of 11.98% from September 26, 1984.

(2) The Defendant pay to the Plaintiff's attorney the sum of $25,000 as attorney's fees.

(3) The Clerk set for hearing on the next Motions Calendar the question of Plaintiff's earnings for the period commencing October 1, 1984 to the date of hearing.